City of New York. The case duly came to trial, and at the conclusion of petitioner's evidence, the trial court granted respondents' motion to dismiss, concluding that "there is no proof whatsoever that the police department either wrongfully or in any other way took the Cadillac in question." Thereafter, an order was entered dismissing the petition on the ground of petitioner's failure to establish a prima facie case. The trial court's decision was rendered notwithstanding the fact that Special Term had directed a trial on the specific issue of whether the vehicle was utilized in the commission of a crime and despite respondents' acknowledgment that they are currently in possession of the disputed car. In that connection, respondents had previously cross-moved for judgment declaring that petitioner is not a lawful claimant to the 1979 Cadillac. In support of their motion, respondents submitted papers which admitted their possession of the vehicle. It is evident, and on appeal respondents concede, that since Special Term had already found that respondents were in possession of the vehicle, petitioner was not required to prove this element as part of her prima facie case, and, consequently, the trial court improperly granted the motion to dismiss. Concur — Sandler, J. P., Asch, Silverman, Fein and Milonas, JJ.

■ SILAS BELLE, Respondent, v ROBERT J. McGUIRE, as Police Commissioner of the City of New York, et al., Appellants. — Order/judgment (one paper), Supreme Court, New York County (B. S. Sherman, J.), entered August 5, 1982 remanding matter to appellant Board of Trustees of Police Pension Fund, Article II, for reconsideration of the issues of causality and service connection, is unanimously reversed, on the law, appellant trustees' determination denying petitioner accident disability retirement is confirmed, and the petition is dismissed, without costs. Appellant's action in denying petitioner accident disability retirement was not arbitrary or capricious. "[T]he issue of causation being one for medical judgment, the board of trustees was entitled to rely on the opinion of the medical board." (*Matter of Christian v New York City Employees' Retirement System,* 56 NY2d 841, 843; see, also, *Matter of Scotto v Board of Trustees of Police Pension Fund,* 54 NY2d 918, affg 76 AD2d 774.) Concur — Sandler, J. P., Silverman, Fein, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES N. McGOVERN, Appellant. — Judgment, Supreme Court, New York County (Ernst Rosenberger, J.), rendered on October 18, 1982, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Carro, J. P., Bloom, Fein, Milonas and Alexander, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH PANARESE, Appellant. — Judgment, Supreme Court, New York County (Ernst Rosenberger, J.), rendered on October 18, 1982, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Carro, J. P., Bloom, Fein, Milonas and Alexander, JJ.

## (December 29, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GAINES HEARNS, Respondent. — Order of the Supreme Court, Bronx County (A. Gorfinkel, J.), entered on March 1, 1983, which granted defendant's motion, renewed during